**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sandra Todd, | No. CV-12-01643-PHX-NVW |
| Plaintiff, | **ORDER** |
| v. | |
| JPMorgan Chase Bank, NA, et al., | |
| Defendants. | |

Before the Court are Defendant JPMorgan Chase Bank's Motion to Dismiss (Doc. 6) and Defendant Cal-Western Reconveyance Corporation's Motion to Dismiss (Doc. 8). For the reasons stated below, the Court will grant both Motions to Dismiss, and dismiss this case against all defendants with prejudice.

**I.    Background**

In November 2002, Plaintiff borrowed $147,175 by executing a Deed of Trust secured by real property in Chandler, Arizona. On February 9, 2009, Defendant Cal-Western ("Cal-Western") was appointed the successor trustee under Plaintiff's Deed of Trust. Plaintiff defaulted on the loan, and Cal-Western recorded a Notice of Trustee's Sale Under Deed of Trust on February 23, 2009. At the resulting trustee's sale on June 28, 2010, Plaintiff's home was purchased by Chase Manhattan, a predecessor of Defendant JPMorgan Chase Bank ("JPMorgan"). A Trustee's Deed Upon Sale was recorded on July 21, 2010. JPMorgan subsequently transferred its interest in the property

to Defendant Housing and Urban Development ("HUD"). The Plaintiff filed a lawsuit in this District on January 20, 2012, (CV12-00129-PHX-FJM), asserting claims for quiet title and breach of contract. Plaintiff subsequently filed this action in the Superior Court of Arizona in Maricopa County on June 28, 2012 (Doc. 1-1), alleging fraud and racketeering activity against all Defendants arising from the same operative facts as her first lawsuit. JPMorgan removed the case to this Court on August 1, 2012, on the basis of diversity jurisdiction (Doc. 1). The District Court then dismissed all of the claims in the Plaintiff's first lawsuit and entered judgment for the Defendants, (CV12-00129-PHX-FJM, Docs. 33, 49).

## II.  Judicial Notice

On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact are assumed to be true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). In general, courts may not consider any material beyond the pleadings when ruling on a Rule 12(b)(6) motion. One exception, however, is that a court may take judicial notice of matters of public record under Federal Rule of Evidence 201. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). Courts do not have to accept alleged facts as true when they contradict those matters subject to judicial notice. *Sears, Roebuck & Co. v. Metropolitan Engraver, Ltd.*, 245 F.2d 67, 70 (9th Cir. 1956).

In this case, the Court will take judicial notice of the Notice of Substitution of Trustee, appointing Cal-Western as trustee (Doc. 8-2 at 8), the Notice of Trustee's Sale Under Deed of Trust (Doc. 8-2 at 10), and the Trustee's Deed Upon Sale (Doc. 8-2 at 13), all matters of public record.

## III.  Cal-Western's Motion to Dismiss

Prior to the foreclosure of the Deed of Trust, Cal-Western was the trustee of Plaintiff's trust deed. Under A.R.S. §33-807:

> The trustee need only be joined as a party in legal actions pertaining to a breach of the trustee's obligation under this chapter or under the deed of

>   trust. . . . If the trustee is joined as a party in any other action, the trustee is entitled to be immediately dismissed and to recover costs and reasonable attorney fees from the person joining the trustee.

Plaintiff has not alleged that Cal-Western breached any obligation under the Deed of Trust in this case. To the extent that Plaintiff has based her claims on allegations that Cal-Western did not have authority to sell the property, her claims are barred by A.R.S. § 33-820. That section entitles Cal-Western, as trustee, to "when acting in good faith, have the absolute right to rely upon any written direction or information furnished to him by the beneficiary." A.R.S. § 33-820. As a result, all claims against Cal-Western are dismissed with prejudice.

**IV.   Res Judicata**

The Plaintiff's remaining claims are barred by the res judicata effect of the District Court's earlier adjudication of Plaintiff's first lawsuit (CV12-00129-PHX-FJM, Docs. 33, 49). Where this Court's jurisdiction is based on diversity of citizenship, as here, the res judicata law of Arizona applies. *See Priest v. American Smelting & Refining Co.*, 409 F.2d 1229, 1231 (9th Cir. 1969). In Arizona, res judicata will preclude a claim when a former judgment on the merits was rendered by a court of competent jurisdiction and the matter now in issue between the same parties was, or might have been, determined in the former action. *Hall v. Lalli*, 194 Ariz. 54, 57, 977 P.2d 776, 779 (Ariz. 1999). Arizona follows the "same evidence test" in which "the plaintiff is precluded from subsequently maintaining a second action based upon the same transaction, if the evidence needed to sustain the second action would have sustained the first action." *Pettit v. Pettit*, 218 Ariz. 529, 532, 189 P.3d 1102, 1105 (Ariz. Ct. App. 2008) (citation omitted).

The Plaintiff's prior action named the same Defendants and involved the same foreclosure as this lawsuit. The District Court's dismissal of all Plaintiff's claims in CV12-00129-PHX-FJM was a judgment on the merits with respect to Plaintiff's allegations that (1) the Deed of Trust was invalid; (2) that the Trustee's Sale was fraudulent and so ineffective; (3) that the Trustee's Deed Upon Sale was falsely created;

(4) that the Defendants lacked any valid interest in the property and so could not foreclose; (5) that the Defendants participated in fraudulent "robosigning" and (6) that Defendants' claims to interest in the property were fraudulent. (CV12-00129-PHX-FJM, Doc. 6 ¶ 3, 5, 32, 35-37, 40-42, 49-52, 66, 68-70).

All of Plaintiff's claims in this case arise from those allegations, now adjudicated. Plaintiff again claims that the Trustee's sale was fraudulent, that the Defendants lacked authority to foreclose on the property, and that JPMorgan's purchase of the property was fraudulent. Plaintiff now contends that those acts give rise to new causes of action for fraud and racketeering, but those causes of action depend on the same evidence. The fraud claim can be reduced to the allegation that that the Defendants unlawfully attempted to deprive Plaintiff of her property. (Doc. 1-1 at 10, ¶ 81-83.) The RICO claim depends on the allegation that Defendants record fraudulent Trustee's Deeds and fraudulently claim interest in properties they do not own. (Id. at 11, ¶ 89-91.)

The only allegation of wrongdoing in the Complaint that could be attributed to HUD – that it fraudulently acquired the property – is also precluded. (Id. at. 8, ¶ 65-66, 70.) HUD, also named as a defendant in Plaintiff's first lawsuit, was a transferee of the property, having acquired the property from JPMorgan following the trustee's sale. Plaintiff's claims with respect to that sale are precluded, and no action against HUD can be sustained without those claims. In short, Plaintiff has not alleged any claims she did not or could not have alleged in the earlier complaint, and res judicata precludes her claims in this lawsuit. This is the third lawsuit Plaintiff has initiated arising from the same incident; further amendment of the Complaint would be futile, so the Complaint is dismissed without leave to amend and the case is now terminated.

IT IS THEREFORE ORDERED that Defendant JPMorgan Chase Bank's Motion to Dismiss (Doc. 6), and Defendant Cal-Western Reconveyance Corporation's Motion to Dismiss (Doc. 8) are granted.

1    IT IS FURTHER ORDERED that the clerk enter judgment dismissing this action
2 as to all defendants with prejudice.  The clerk shall terminate the case.
3    Dated this 20th day of September, 2012.

_____
Neil V. Wake
United States District Judge

- 5 -